UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AMICA MUTUAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>RUSSEL VERNON,<br><br>Defendant. | Case No. 1:14-cv-00235-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

The Court has before it the Amended Motion to Intervene (Dkt. 19). For the reasons explained below, the Court will deny the motion.

## LEGAL STANDARD

Rule 24(a) contains the standard for intervention as of right. It provides that upon timely motion, the Court must permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

Fed. R. Civ. P. 24(a)(2).[1] The Ninth Circuit has distilled this provision into a four-part test: (1) the application for intervention must be timely; (2) the applicant must have a "significantly protectable" interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit. *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir.2001). The Court's evaluation is "guided primarily by practical considerations," not technical distinctions. *Id*. However, "[f]ailure to satisfy any one of the requirements is fatal to the application." *Perry v. Prop. 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir.2009).

Rule 24(b) allows permissive intervention when an applicant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). "In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Id. When a proposed intervenor has met those requirements, "[t]he court may also consider other factors in the exercise of its discretion, including 'the nature and extent of the

---

[1] The rule also requires the Court to permit anyone to intervene who is given an unconditional right to do so by a federal statute, but there is no argument that any such statute applies in this case.

intervenors' interest' and 'whether the intervenors' interests are adequately represented by other parties.'" *Perry*, 587 F.3d at 955 (*quoting Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir.1977)).

## ANALYSIS

1. **Intervention as a Matter of Right**

As noted above, for a Court to grant intervention as a matter of right, (1) the application for intervention must be timely; (2) the applicant must have a "significantly protectable" interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit. *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir.2001). The Court will address each element in turn below.

    A.    *Timliness*

"Timeliness is determined with reference to three factors: (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Peruta v. County of San Diego,* 771 F.3d 570, 572 (9th Cir. 2014) (Internal citation and quotations omitted). Here, at the scheduling conference, the parties and the Court agreed to an expedited motion for summary judgment with limited discovery before setting additional deadlines in this case should the Court deny summary judgment. Under that agreement, Amica filed a motion for

summary judgment on October 17, 2014. The Estate of Roberta Janet McIntire and Jessica Grable ("Intervenors") filed their motion to intervene about three weeks later, just before the deadline for Vernon's response brief. The Court then suggested, and the parties agreed, that the Court should address the motion to intervene on an expedited basis before further briefing on the motion for summary judgment was filed and the motion decided.

Amica suggests that because it notified Intervenors of this case almost two months before the motion for summary judgment was filed, Intervenors' motion to intervene was untimely. Intervenors certainly could have filed their motion a bit earlier, and their motion has caused some delay in this case. However, given the Court's request that the motion to intervene be addressed expeditiously, and the fact that the case is in the early stages of litigation where very little discovery has occurred, the Court finds that this limited delay has not prejudiced the parties. Accordingly, the motion to intervene was not untimely.

    **B.**    *Significantly Protectable Interest*

The applicant must also have a significantly protectable interest relating to the property or transaction that is the subject of the action. "An applicant for intervention has a significantly protectable interest if the interest is protected by law and there is a relationship between the legally protected interest and the plaintiff's claims." *U.S. v. Alisal Water Corp.,* 370 F.3d 915, 919 (9th Cir. 2004).

Intervenors suggest they have a protectable interest in the insurance policy between Amica and Vernon because that insurance policy is a means for recovery in their underlying action against Vernon. Intervenors argue that if this Court determines that the insurance policy is inapplicable to the facts of the underlying action, such a determination will deprive Intervenors of a source from which to recover if they prevail in their claims against Vernon. Moreover, Intervenors contend that any determination by this Court as to the issue of Vernon's liability will directly affect Intervenors' interest in pursuing its claims against him in the underlying litigation. The Court disagrees.

First, the only issue before this Court is whether the insurance contract requires Amica to defend and indemnify Vernon in the underlying lawsuit – Vernon's liability is not at issue here. Second, "[t]o trigger the right to intervene, . . . an economic interest must be concrete and related to the underlying subject matter of the action." *Id*. Just because a lawsuit may impede a third party's ability to recover in a separate lawsuit typically does not give the third party a right to intervene. *Medical Protective Co. v. Erfani,* 2010 WL 4569902 (S.D.Cal 2010). In *Erfani*, the court rejected the intervenors' argument that they were entitled to intervene because they were the plaintiffs in an underlying lawsuit against the defendant for which coverage under the plaintiff's insurance policy may apply. *Id.* The court noted that the intervenors had "merely established that the outcome of the instant action may affect their potential future rights to collect damages in their underlying suits. Such an interest is not sufficiently concrete

or related to the underlying subject matter of this action to constitute a significant protectable interest relating to the property at issue here." *Id.*

This Court agrees with the analysis in *Erfani*. The fact that the outcome of this case may affect a potential source of income in Intervenors' underlying suit against Vernon is not sufficiently concrete or related to the underlying subject matter of this action – which is whether the insurance contract requires Amica to defend and indemnify Vernon. Accordingly, Intervenors have not shown a significantly protectable interest relating to the property or transaction that is the subject of the action.

### C. *Disposition Does Not Impair or Impede Intervenors' Ability to Protect an Interest*

Because Intervenors do not have a significantly protectable interest relating to the property or transaction that is the subject of this action, it follows that disposition of this action will not, as a practical matter, impair or impede their ability to protect that interest.

### D. *Any Interest in this Action is Adequately Represented by the Existing Parties*

Even if Intervenors had a significantly protectable interest in this action, it would be adequately represented by Vernon. In determining whether a party will adequately represent an intervenor's interest, the Court considers several factors, such as whether an existing party will make all of the intervenor's arguments, whether an existing party is capable of and willing to make such arguments, and whether the intervenor offers any necessary element to the proceedings that would be neglected. *Prete v. Bradbury,* 438 F.3d 949, 956 (9th Cir. 2006) (Internal citation omitted). The burden of showing

inadequacy of representation is typically minimal. *Id.* However, "[w]hen an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of representation arises." *Id.* (Internal citation omitted). In fact, "[t]he most important factor in determining the adequacy of representation is how the interest compares with the interests of existing parties."

Here, as argued by Intervenors, the only potentially protectable interest in this action is a source from which to recover if they prevail in their claims against Vernon in the underlying lawsuit. As evidenced by the Answer to the Complaint in this case, Vernon, like Intervenors, seeks to have Amica indemnify him in the underlying lawsuit. Thus, Intervenors and Vernon have the same objective, and the Court presumes adequacy of representation even if there were a significantly protectable interest. Intervenors have provided the Court with nothing to overcome that presumption. Accordingly, the Court will deny intervention as a matter of right.

**2.     Permissive Intervention**

As noted above, Rule 24(b) allows for permissive intervention. Permissive intervention requires "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Blum v. Merrill Lynch Piercy Fenner & Smith Inc.* 712 F.3d 1349, 1353 (9th Cir. 2013) (Internal quotations and citation omitted). Here, the first two elements are met – there is no dispute about independent jurisdiction, and the Court has already addressed the timeliness issue above, concluding that Intervenors' motion was not

untimely. This real issue here is whether there is a common question of law and fact between the movant's claim or defense and the main action. Intervenors have not met their burden.

Intervenors explain that the claims in their underlying lawsuit against Vernon are that Vernon sent a vicious anonymous card and letter to Ms. McIntire, which directly caused Ms. McIntire to commit suicide, resulting in their injuries. Intervenors then suggest that "[c]learly, the nature and scope of Defendant's liability is a question of law presented in both this action and the underlying action." *Intervenors' Reply Br.* p. 8, Dkt. 25. But that is neither clear nor accurate. As noted above, the only issue in this case is whether the insurance contract requires Amica to defend and indemnify Vernon in the underlying lawsuit. In the pending lawsuit, this Court will not address Vernon's potential liability for Intervenors' injuries. Accordingly, permissive intervention will be denied as well.

## ORDER

**IT IS ORDERED:**

1. The Amended Motion to Intervene (Dkt. 19) is **DENIED**.

2. The Motion to Intervene (Dkt. 18) is **DEEMED MOOT**.

3. Amica shall file its reply in support of its motion for summary judgment no later than 14 days after the date of this Memorandum Decision and Order.



DATED: December 11, 2014

_____
B. Lynn Winmill
Chief Judge
United States District Court